Connie M. LEWIS, Individually and as class representative, Plaintiff-Appellant,

v.

William French SMITH, etc., et al., Defendants-Appellees.

No. 82–5922.

United States Court of Appeals, Eleventh Circuit.

May 14, 1984.

Steven M. Weinger, Kurzban, Kurzban & Weinger, P.A., Miami, Fla., for plaintiff-appellant.

Robert S. Greenspan, Margaret E. Clark, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants-appellees.

Before HILL and HATCHETT, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

Connie M. Lewis brought this action against the United States Immigration and Naturalization Service (INS) pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII). The plaintiff alleged that she had been discriminated against in hiring, on the basis of sex, in violation of Title VII. The district court found that INS had failed to consider Ms. Lewis' application because she was a woman. Notwithstanding this disparate treatment, the court found that Lewis would not have been selected absent the discrimination, as she was less qualified than those who were selected. The court concluded

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

that even in light of the discrimination the plaintiff had suffered no injury for which she was entitled to relief.

Lewis appealed to this court contending that the district court had erred in: (1) finding that she was less qualified than those selected; (2) failing to award her any relief after making a finding of intentional discrimination; (3) dismissing the class action claim and the allegation of a second act of discrimination.

In September, 1977, Connie Lewis applied for one of seven available positions as a criminal investigator trainee with the INS. Approximately one hundred people applied for the positions. The qualifications of those one hundred were reviewed by a rating panel at the regional level and reduced to fourteen qualified applicants. This list of fourteen was then forwarded to the INS District Director for the Miami District, Edward Sweeney, who turned it over to the assistant district director, William Metcalf, to review and make recommendations. Metcalf was new in the office so he requested the help of Alan Vyse, who would be supervising the new employees. When Vyse and Metcalf began their review, they first put aside, without opening, the file of Connie Lewis, knowing that Mr. Sweeney would not consider hiring a woman investigator.[1] Seven men were recommended and hired.

When Lewis was notified that she had been found qualified for the position, but not selected and then learned that all seven positions had been filled by males, she filed a formal EEOC complaint. In 1978 another opening for a criminal investigator trainee was advertised and Lewis again applied. While she was never notified that she had not been selected she learned that a male had been hired.[2] Lewis informed her EEOC counselor about this second occurrence but did not file a formal complaint.

On April 22, 1980, after exhausting all administrative remedies without success, Lewis filed an action in federal court alleging that she had been denied employment in 1977 and 1978 on the basis of sex in violation of Title VII.

In a Title VII case the burden is on the plaintiff to prove by a preponderance of the evidence a prima facie case of illegal discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, non-discriminatory reason for the employee's rejection." Id., at 802, 93 S.Ct. at 1824. The Supreme Court has said that "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981). Should the defendant carry this burden the plaintiff must then have an opportunity to show that the legitimate reasons offered were not the true reasons but a mere pretext. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. If the employer fails to persuade the court that the action was not based on impermissible factors or the plaintiff successfully shows the court that the stated reason for rejection was in fact a mere cover up for a discriminatory decision, then the plaintiff has met the ultimate burden of proving unlawful discrimination. Id. at 805, 93 S.Ct. at 1825.

■ The *McDonnell Douglas* method of proving discrimination is appropriate when discriminatory motive must be inferred from circumstantial evidence. However, if the evidence consists of direct testimony that the defendant acted with a discrimina-

---

1. Eighteen women were among the one hundred people who applied for the jobs, but Connie Lewis was the only woman on the list sent to the district director.

2. The list of qualified applicants forwarded to the district office contained the names of three people—one male and two females.

tory motive, and the trier of fact accepts this testimony, the ultimate issue of discrimination is proved. *Bell v. Birmingham Linen Service,* 715 F.2d 1552 (11th Cir.1983). This is the case here where the district court specifically accepted as credible the testimony of Alan Vyse, that Lewis' application was put aside without review. Discriminatory treatment has thus been proved.

■■■ Once discrimination has been proven, whether by circumstantial or direct evidence, a presumption of entitlement to appropriate remedies such as injunctive and/or declaratory relief, as well as hiring and back pay arises. *NAACP v. City of Evergreen, Ala.,* 693 F.2d 1367, 1370 (11th Cir.1982); *Williams v. City of Valdosta,* 689 F.2d 964 (11th Cir.1982); *Lee v. Washington,* 625 F.2d 1235, 1239 (5th Cir.1980); *McCormick v. Attala Cty. Bd. of Ed.,* 541 F.2d 1094 (5th Cir.1976). The burden then shifts to the employer to rebut the presumption by showing that the discriminatee would not have been hired absent the discrimination. *Lee,* 629 F.2d at 1239; *Davis v. Board of School Commissioners of Mobile County,* 600 F.2d 470, 474 (5th Cir. 1979). On this point, the defendant sought to prove that Lewis was less qualified than the men hired for the position of criminal investigator and, therefore, would not have been hired even if there had been no discrimination. The district court found that Lewis was less qualified than those selected. Based on the evidence of record such a finding was clearly erroneous.

The parties were always in agreement that Lewis met the minimum qualifications for the job. At the trial, Sweeney and Metcalf both testified that they had no specific recall of the qualifications of any of the applicants, nor of the particular qualifications of those selected that made them more qualified than Lewis. Sweeney testified that in addition to the Civil Service requirements he considered background,

education, experience, character, and anything else in the file. He denied a discriminatory attitude, but freely admitted that he thought women could not handle the job as well as men. As an example, he did not think a woman would be able to escort or guard a 6'5" male. There are, however, no height, weight or strength requirements for the investigator position.[3] Sweeney identified specific jobs which he considers good experience, but with one exception he did not identify specific job skills which are acquired in those positions. Prior law enforcement officers or border patrol agents are considered by Sweeney to have the requisite experience. Since Sweeney himself had been a border patrol agent he knew the kind of experience a person could have acquired in that job.

Metcalf testified that he also looked for law enforcement experience, prior military service, and border patrol agents. He could not recall the prior experience of Lewis but thought it was clerical. Metcalf presumed a knowledge of immigration law on the part of persons who had been border patrol agents and presumed a lack of such knowledge on the part of persons whose prior work had been secretarial. There was no objective evaluation or confirmation of those assumptions.

The job in question is an entry level position for which new employees are required to attend a fourteen week training course. The INS provides firearms training, Spanish lessons, familiarity with immigration laws and procedures and investigative techniques. Before the termination of a trainee's probationary period, an examination on the law and a firearms and a Spanish proficiency test must be passed. There is no evidence that the training course and on the job training have been ineffective in preparing trainees for these examinations. Certainly prior experience in any of these areas would be helpful for an investigator trainee, but so would prior

---

**3.** It is interesting to note that one of the successful applicants is only 5'6¾" while the plaintiff, by Sweeney's own estimation, is 5'10", as tall or taller than six of the seven hirees.

knowledge and experience in numerous areas. The job announcement lists the qualifications required for job applicants as "three years of general experience" and further defines general experience as "administrative, professional, investigative, or other responsible work which has prepared the applicant to enter into the position."

Connie Lewis had been an employee of INS for approximately twelve years. During that time she worked in several departments as a secretary, stenographer and eventually as an office manager supervising as many as five employees. She had excellent recommendations from supervisors. Without a personal interview or at least a review of the applicant's file it is impossible to know what skills and experience Lewis had acquired in her past positions. While INS argues that Lewis was not selected for the job because she was less qualified, no one could explain what objective criteria was used, at the time, to compare the applicants.[4]

The burden was on INS to show by a preponderance of the evidence that Lewis would not have been hired absent the discrimination. The plaintiff argues that the burden of proof at this phase is one of clear and convincing evidence and cites several cases in support of that contention. *See McCormick v. Attala City Bd. of Ed.*, 541 F.2d 1094 (5th Cir.1976); *Baxter v. Savannah Suger Refining Corp.*, 495 F.2d 437, 445 (5th Cir.1974); *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1380 (5th Cir.1974). Prior to the Supreme Court decision in *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), the Fifth

Circuit did apply a clear and convincing standard. Since the *Mt. Healthy* decision, which involved constitutionally protected conduct, even though not a violation of Title VII, this court and the Fifth Circuit have required a showing "by a preponderance of the evidence" that the plaintiff would not have been hired absent the discriminatory action. Id. at 287, 97 S.Ct. at 576. *Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138 (11th Cir.1983); *Bell v. Birmingham Linen Service*, 715 F.2d 1552 (11th Cir.1983); *Lee v. Russell County Bd. of Ed.*, 684 F.2d 769 (11th Cir.1982); *Ramirez v. Sloss*, 615 F.2d 163 (5th Cir.1980).

The district court, in finding that the plaintiff was less qualified than those hired, failed to state what standard of proof was applied. Under most circumstances a remand for the district court to make further findings in accordance with law would be the appropriate action. In this case, however, under any standard the defendants have failed to show that the plaintiff would not have been hired absent the discriminatory actions. The evidence indicates that application records were destroyed and the hiring officials have no recall of the comparative qualifications of the individuals. To remand the case for further findings or for the taking of additional evidence would be an exercise in futility.

Because we find that the lower court erred in its finding that Connie Lewis was less qualified than the seven persons chosen for the position of criminal investigator trainee, it follows that it erred in concluding that Lewis suffered no injury for which she is entitled to relief. For that reason this case must be remanded to the district

---

4. The defendants apparently used a point system to rate applicants. Whether this was done at a regional level or district level was never explained. An applicant was given 5 points for being a border patrol agent. This practice is highly questionable since 99.1 percent of all border patrol agents are male. The Act proscribes not only overt discrimination but also practices which are fair in form but discriminatory in operation. *Griggs v. Duke Power Co.*,

401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). The point totals for each applicant are totally meaningless since there were no tally sheets to explain how the totals were reached and by whom. The lack of objective guidelines for rating applicants serves to corroborate the finding of discrimination rather than supporting a finding that other applicants were more qualified than the plaintiff.

**1540** <span style="background:black"></span>

court for the fashioning of an appropriate remedy.

 On remand the district court should reassess the plaintiff's request for injunctive relief against the discriminatory policies and practices of INS. This court has held that in cases where there is abundant evidence of consistent past discrimination, injunctive relief is mandatory absent clear and convincing proof that there is no reasonable probability of further noncompliance with the law. *NAACP v. City of Evergreen, Ala.,* 693 F.2d 1367 (11th Cir. 1982); *James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 354 (5th Cir.1977). *cert. denied* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781.

Under 42 U.S.C. § 2000e–5(g) the district court can further order the plaintiff hired for the position of criminal investigator trainee or a comparable position and award her back pay and back benefits. On remand the court will also want to reconsider its ruling on the issue of attorney's fees.

 In addition to her individual claim for relief Lewis filed a class action proposing to represent all women similarly situated. On the defendant's motion, the class action and a second allegation of employment discrimination were dismissed by the court for lack of jurisdiction and failure by Lewis to exhaust her administrative remedies in either case.

On appeal Lewis argues that exhaustion of her administrative remedies regarding the initial claim entitle her to bring a class action also. She contends that her EEOC counselor was aware of the discrimination against women as a class and investigated those allegations.

Prior to April 18, 1977 an individual plaintiff could file a class claim provided that the class claim could reasonably be expected to grow out of the issues presented in the individual claim and all administrative remedies for the individual claim

---

5. 29 C.F.R. §§ 1613.601–1613.643.

---

had been exhausted. After that date, Civil Service Commission regulations governing class action administrative complaints became effective.[5] As the acts of discrimination which are the subject of this action occurred after the effective date of the new regulations and are thus governed by them, the district court correctly dismissed the class action.

The decision of the district court is AFFIRMED IN PART, REVERSED IN PART and REMANDED for the fashioning of an appropriate remedy.