EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

ELECTROLUX CORP.

Civ. A. No. 84–0335–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 26, 1985.

Larry W. Newell, Gerald S. Kiel, Lawrence Humphrey, Baltimore, Md., Robert W. Jaspen, G. Wingate Grant, Asst. U.S. Attys., Richmond, Va., for plaintiff.

Stephen W. Robinson, Michael F. Marino, Boothe, Prichard & Dudley, Fairfax, Va., Stephen D. Cooper, Electrolux Corp., Stamford, Conn., for defendant.

## OPINION

WARRINER, District Judge.

Rosalee G. Smith through the EEOC brought suit in this action claiming a violation of § 703(a) of Title VII (42 U.S.C. § 2000e, *et seq.*) claiming that defendant engaged in an unlawful employment policy and practice by discharging her because of her sex. A trial was held in this matter on 4 April 1985. After both sides had presented their evidence this Court suggested that the case was in equipoise. The Court established a briefing schedule on the issue of the burdens of proof properly to be placed on plaintiff[1] and on defendant. I also suggested counsel might attempt to convince me that their witnesses were more credible than those of the other side. The parties have timely submitted their briefs according to the schedule and the matter is ripe for adjudication.

I have carefully considered both plaintiff's and defendant's arguments concerning the credibility of the witnesses and the state of the evidence at the conclusion of the trial. Neither side has convinced me that my findings of fact of 4 April 1985 are in error. Accordingly, my finding that plaintiff's case is in a state of equipoise has not changed. It is necessary, then, to determine the law that must be applied in allocating the burdens of proof[2] to be placed on plaintiff and defendant.

### I Direct Evidence and Circumstantial Evidence

Plaintiff contends that when a plaintiff presents "direct evidence" of discrimination the court must allocate the burdens of proof as articulated by the Supreme Court in *Transworld Airlines v. Thurston,* —— U.S. ——, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) and as articulated by the Fourth Circuit in *Smallwood v. United Airlines,* 728 F.2d 614 (4th Cir.1984). When plaintiff's case is based on "circumstantial evidence," plaintiff contends, the burdens of proof are allocated according to the test established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff misconstrues the terms "direct evidence" and "circumstantial evidence" as used in the cases plaintiff cites. Under *McDonnell Douglas* a trial court may infer from proof of certain facts the existence of a prima facie case; that is, a prima facie case may be established upon proof of

---

1. The EEOC at trial contended that when plaintiff established its prima facie case using "direct evidence" that the burden then shifted to defendant to prove by a preponderance of the evidence (see note 2) that defendant would have made the same decision even absent discrimination. While I was skeptical that the EEOC's position on the shifting burdens was correct, considering the expertise of the EEOC in employment discrimination matters I decided that I would withhold my decision on the allocation of the burdens until the parties had an opportunity to brief the issue.

2. Plaintiff variously contends that the burden in the present posture of the case is upon defendant and that defendant must prove its defense by a preponderance of the evidence, by clear and convincing evidence, and by a heavy burden of evidence; however, it is clear from the cases plaintiff cites that the burden of proof, by whomever borne, must be by the preponderance of the evidence.

facts which, while not proof of any act or omission of discrimination, if unexplained give rise to an inference of discrimination. (see Section III infra). In contrast a plaintiff who has evidence of discriminatory acts or omissions may choose to proceed by presenting such evidence, eschewing inferential proof via *McDonnell Douglas.*

Thus there are two methods by which a plaintiff may prove a case. A *McDonnell Douglas* inference may permit plaintiff to prevail despite the total absence of evidence of actual discriminatory motive or intent. The alternate method involves evidence of acts or omissions of discriminatory motive or intent. Courts have confusingly described Method 1 variously as the *McDonnell Douglas* inference, the *McDonnell Douglas* prima facie case, "circumstantial evidence," or similar such phraseology, and have attempted to contrast that method with Method 2 by denominating Method 2 as involving proof by "direct evidence."

In this context the legal mind is driven to think of the contrast between the terms "circumstantial evidence" and "direct evidence" in an evidentiary sense. While those terms might, in any given case, properly characterize some aspects of the evidence presented in that case, one ordinarily proves the facts underlying a *McDonnell Douglas* inference by means of direct evidence; one may very well prove, and often does prove, Method 2 by circumstantial evidence.

It is not the nature of the evidence offered in proof of the case but the nature of the method of proof offered that is sought to be captured, inartfully and confusingly I believe, by the terms circumstantial evidence and direct evidence in the context of Method 1 and Method 2. Because of the confusing use of the terms circumstantial evidence and direct evidence in this context, I will not use them. Instead, I will refer to Method 1 as the *"McDonnell Douglas* in-

ference" and to Method II as the *"Thurston* proof."

The cases cited by plaintiff that deal with so-called "direct evidence" clearly support my view that it is the method of proof, rather than the nature of evidence, offered that determines the allocations of the burdens of proof.

In *Thurston* [3] the court dealt with a policy established by defendant Transworld Airlines concerning the status of captains and first officers (collectively referred to as captains). Under the plan, a captain was required:

> prior to his 60th birthday, to submit a 'standing bid' for the position of flight engineer. When a vacancy occur[red], it [was] assigned to the most senior captain with a standing bid. If no vacancy occur[red] prior to his 60th birthday, or if he lack[ed] sufficient seniority to bid successfully for those vacancies that ... occur[red], the captain [was] retired.

> Under the [existing] collective-bargaining agreement, a captain displaced for any reason besides age need not resort to the bidding procedures. For example, a captain unable to maintain the requisite first-class medical certificate, ... [could] displace automatically, or 'bump,' a less senior flight engineer. The medically disabled captain's ability to bump [did] not depend upon the availability of a vacancy. Similarly, a captain whose position [was] eliminated due to reduced manpower needs [could] 'bump' a less senior flight engineer. Even if a captain [was] found to be incompetent to serve in that capacity, he [was] not discharged, but [was] allowed to transfer to a position as flight engineer without resort to the bidding procedures.

— U.S. ——, 105 S.Ct. 619, 83 L.Ed.2d 530 (footnotes omitted).

Referring to these undisputed facts the Court stated that "[i]n this case there is direct evidence that the method of transfer

**3.** *Thurston* dealt with a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.;* however, the considerations concerning the allocations of proof are the same in ADEA and Title VII cases. See *Smallwood v. United Air Lines,* 728 F.2d 614, 620 (4th Cir.1984).

available to a disqualified captain depends upon his age. Since it allows captains who become disqualified for any reason other than age to "bump" less senior flight engineers, TWA's transfer policy is discriminatory on its face." Id., —— U.S. at ——, 105 S.Ct. at 622, 83 L.Ed.2d at 533.

In *Thurston* the Supreme court found that discriminatory intent was proven because the policy, on its face, treated captains differently because of their age. The burden then shifted to defendant to show by a preponderance of the evidence that the different treatment was justified under the defenses asserted by defendant, *i.e.*, that the age distinction was a bona fide occupational qualification, or a part of a bona fide seniority system.[4] Ultimately the Court held that defendant failed to carry its burden and found that TWA's transfer policy violated the ADEA.

In *Smallwood v. United Air Lines, Inc.*, 728 F.2d 614, 615 (4th Cir.1984), also an action under the ADEA, plaintiff was attacking defendant's rule providing "that an application for employment as a flight officer would not be processed if the applicant were over 35 years of age." The court noted that there are generally two issues in actions brought under either the ADEA or Title VII.

> One has to do with the substantive issue of violation of the applicable statute or constitutional provision; the other (which, it must be emphasized, only becomes relevant if a violation is proved) involves the remedy which generally presents the question of compelled hiring, reinstatement, or promotion accompanied with backpay.... Thus, in this case, the admitted refusal of the defendant to process the plaintiff's application because of its rule prohibiting the processing of job applications by flight officers over 35 years of age constituted, ... a violation of ADEA....

*Smallwood*, 728 F.2d 617–18.

The *Smallwood* court determined that plaintiff had proven discriminatory intent,

indeed defendant admitted it, and that the burden then shifted to defendant to establish one of the available defenses by a preponderance of the evidence. Id. at 617.

In *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1145 (11th Cir.1983), the Eleventh Circuit, in instructing the district court on how to proceed on remand stated:

> If the named plaintiffs are able to prove by either direct or circumstantial evidence that any of the various adverse actions taken against them were the product of discriminatory intent, then the district court may properly rely on these showings as evidence of a pattern or practice of discrimination. In any case, if the court wishes to grant individual relief to the named plaintiffs, it must make the additional finding that the defendant failed to show by a preponderance of the evidence that the adverse employment actions would have been taken even in the absence of a discriminatory motive.

In *Perryman* the court was obviously unconcerned with the nature of the evidence; rather it was concerned with whether the evidence, "either direct or circumstantial," proved discriminatory intent.

In *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1557 (11th Cir.1983), the circuit court accepted the district court's finding that the employer's reason for not promoting plaintiff, a female, to a washroom position was because the employer was afraid that if he promoted plaintiff all women would want to work in the washroom. The court then, in discussing the proper legal framework, stated "[I]f the evidence consists of direct testimony that the defendant acted with a discriminatory motive, and the trier of fact accepts this testimony, the ultimate issue of discrimination is proved." *Bell*, 715 F.2d at 1557. The court went on to state that the burden then shifts to defendant to prove by a preponderance of the evidence that the

---

**4.** As with Title VII, the ADEA also recognizes a "good cause" defense to justify different treatment. See 29 U.S.C. § 623(f).

same employment decision would have been made even absent the discriminatory motive.

In *Bell* the court, in using the term "direct testimony" actually was referring to evidence, circumstantial or direct, that proved directly rather than inferentially that defendant had a discriminatory motive.

In sum, the cases cited by plaintiff, when referring to direct evidence, are dealing with evidence, direct or circumstantial, which has proven discriminatory motive or intent without the need to rely on the judicially created *McDonnell Douglas* inference.

## II. Thurston Proof

Plaintiff argues that under the Supreme Court's ruling in *Thurston,* and the Fourth Circuit's ruling in *Smallwood,* when plaintiff's "prima facie case of discrimination based on direct evidence has been *proven,* ... the burden then shifted to defendant to prove by a preponderance of the evidence that it would have made the same decision even absent the discrimination." Plaintiff's Reply Brief at 15 (emphasis original). Plaintiff contends that "[o]nce the court denied Defendant's motion for dismissal (under Rule 41 F.R.C.P.) at the close of the Commission's case in chief, the prima facie case was established." Plaintiff's post-trial reply brief at 15. Plaintiff further asserts that, "[a]lthough the Court made no 'express' finding that discrimination was proven at the end of the Commission's case in chief, its denial of Defendant's motion to dismiss and receipt of Defendant's evidence signifies *as a matter of law* that the prima facie case was proved." Id. at 16 (emphasis original).

■ Plaintiff's reliance on the Court's denial of the Rule 41 motion and its statement that this establishes plaintiff's prima facie case as a matter of law is erroneous. Rule 41(b), in pertinent part, provides:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to of-

fer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of facts may then determine them and render judgment against the plaintiff or may decline to render judgment until the close of all the evidence.

"The trial judge may conclude, ... that it is inadvisable to sustain the defendant's motion midway in the trial and that the trial should be completed. The denial amounts to no more than a refusal to enter judgment at that time, a tentative and inconclusive ruling on the question of the plaintiff's proof." *Weissinger v. United States,* 423 F.2d 795, 797 (5th Cir.1970). See also *Armour Research Foundation of Illinois Institute of Technology v. Chicago Rock Island & Pacific R.,* 311 F.2d 493, 494 (7th Cir.1963) ("[A] denial of defendant's motion amounts to nothing more than a refusal to enter judgment at that time. At most it constituted a tentative and inconclusive ruling on the quantum of plaintiff's proof.")

The granting of a defendant's motion under Rule 41(b) is within the sound discretion of the judge. See *A & N Club v. Great American Insurance Co.,* 404 F.2d 100, 103 (6th Cir.1968) ("whether the motion is granted though remains within the discretion of the trial judge"); see also *Robinson v. Park Central Apartments,* 248 F.Supp. 632, 633 (D.D.C.1965). Professors Wright and Miller in § 2371 of their treatise Federal Practice and Procedure explain that the court in considering a Rule 41 motion "is not obliged to determine finally whether the plaintiff's evidence is sufficient on a motion to dismiss at the close of plaintiff's case. . . . [Nor must it] concern itself with whether plaintiff has made out a prima facie case."

At the conclusion of plaintiff's evidence I determined in my discretion not to grant defendant's motion to dismiss. I did not attempt to nor was I required to determine whether plaintiff had made out a prima

facie case. The Rule says that I may decline to render any judgment until the close of all evidence. That is what I chose to do. Therefore, it cannot be said as a matter of law that at the conclusion of plaintiff's evidence a prima facie case had been proven.

In the findings of fact from the bench at the conclusion of all the evidence I analyzed the evidence of defendant's discriminatory motive or intent in firing plaintiff. In considering those items of evidence, along with the rest of plaintiff's evidence and the evidence presented by defendants, I found plaintiff's evidence to be unpersuasive in the sense that plaintiff had failed to prove its case by a preponderance of the evidence. I stated that the case was in equipoise.

 Even under plaintiff's interpretation of *Transworld Airlines* and the other cases cited by plaintiff the burden of proof did not shift to defendant to prove that it would have fired plaintiff even absent its discriminatory conduct until plaintiff has *proven* discrimination by the Thurston proof method.[5]

Plaintiff, under the whatever criterium, has failed to establish a prima facie case of discrimination; therefore, even under plaintiff's theory, the burden never shifted to defendant to prove by a preponderance of the evidence that even so plaintiff would have been fired. Accordingly, plaintiff's argument under the *Thurston* proof method is unpersuasive.

### III McDonnell Douglas Inference

Plaintiff next argues that judgment should be entered for plaintiff under the three-step *McDonnell Douglas* inference allocation of proof.

In an action for discrimination under Title VII plaintiff must prove discriminatory treatment based on race, color, religion, sex, or national origin. "Since this motive or intent is seldom capable of proof by direct evidence, the Supreme Court has established a legal framework which allows a court to infer discriminatory motive on the basis of circumstantial evidence." *Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138, 1141 (11th Cir.1983) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[6]

---

**5.** See, e.g., *Bell v. Birmingham Linen Service,* 715 F.2d 1552 (11th Cir.1983) "Once an [illegal] motive is proved *to have been a significant or substantial factor* in an employment decision, defendant can rebut only by proving by a preponderance of the evidence that the same decision would have been reached even absent the presence of the facts." Id. at 1557 (quoting *Lee v. Russell County Board of Education,* 684 F.2d 769, 774 (11th Cir.1982)) (citations omitted).

*Perryman v. Johnson Products Co., Inc.,* 698 F.2d 1138 (11th Cir.1983):
Some plaintiffs are able to prove the existence of discriminatory intent by direct evidence; in these rare cases, the plaintiff is not required to rely on the inference of discrimination created by the prima facie case of *McDonnell Douglas.* [citation omitted] If the factfinder believes the direct evidence presented by the plaintiff, a presumption is created that the adverse employment action taken against the plaintiff was a product of that discriminatory intent. [citation omitted]
At this point, just as with a successful showing by the plaintiff of the discriminatory intent based upon circumstantial evidence, the burden shifts to the defendant to prove by a preponderance of the evidence that the adverse action would have been taken even in

the absence of the discriminatory motive. Id. at 1143.
*Lewis v. Smith,* 731 F.2d 1535 (11th Cir.1984):
Once discrimination has been proven whether by circumstantial or direct evidence, a presumption of entitlement to appropriate remedies such as injunctive and/or declaratory relief, as well as hiring and backpay arises. [citations omitted] The burden then shifts to the employer to rebut the presumption by showing that the discriminatee would not have been hired absent the discrimination. Id. at 1538 (citations omitted).

**6.** "Presumptions shifting the burden of proof are often created to reflect judicial evaluations of probabilities and to conform with parties' superior access to the proof." *Teamsters v. United States,* 431 U.S. 324, 359 n. 45, 97 S.Ct. 1843, 1867 n. 45, 52 L.Ed.2d 396 (1977) (citing McCormick, Law of Evidence, §§ 337, 343 (2d Ed.1972)).

"The shifting burdens of proof set forth in *McDonnell Douglas* are designed to assure that the 'plaintiff [has] his day in court despite the unavailability of direct evidence.'" *Transworld Airlines, Inc. v. Thurston,* — U.S. —, —, 105 S.Ct. 613, 622, 83 L.Ed.2d 523, 533 (1985) (quot-

Under *McDonnell Douglas* the burden is on the plaintiff to prove by a preponderance of the evidence a prima facie case of illegal discrimination.[7] "Ultimately, the establishment of a prima facie case of employment discrimination requires proof by a preponderance of the evidence that the plaintiff was not promoted or dismissed 'under conditions which, more likely than not, were based upon impermissible racial [or sexual] considerations.'" *Gairola v. Commonwealth of Virginia Department of General Services*, 753 F.2d 1281, 1286 (4th Cir.1985) (quoting *Young v. Lehman*, 748 F.2d 194, 196 (4th Cir.1984), cert. denied, —— U.S. ——, 105 S.Ct. 2126, 85 L.Ed.2d 489 (1985)). See also *Lewis v. Smith*, 731 F.2d 1535, 1537 (11th Cir.1984).

### (a) Step 1

Under *McDonnell Douglas*:

[I]f plaintiff proves by a preponderance of the evidence that he or she is a member of a protected class, was qualified for the position held, and was discharged and replaced by a person outside of the protected class or was discharged while a person outside of the class with equal or lesser qualifications was retained, then plaintiff has established a 'prima facie case' of discrimination.

*Lee v. Russell County Board of Education*, 684 F.2d 769, 773 (11th Cir.1982).

"'Prima facie case' has a specialized meaning in this context that goes beyond simply producing sufficient evidence to create a jury question; rather, this prima facie case creates a rebuttable presumption of discrimination and therefore if not rebutted requires a verdict for plaintiff." *Lee*, 684 F.2d at 773 (citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 & n. 7, 101 S.Ct. 1089, 1094 & n. 7, 67 L.Ed.2d 207 (1981)).

### (b) Step 2

"If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendants to articulate some legitimate, non-discriminatory reason for the employee's rejection." If no legitimate nondiscriminatory reason is articulated a verdict for plaintiff is mandated. See *Lewis*, 731 F.2d at 1537; *Young*, 748 F.2d at 196–97.

"The nature of the rebuttal burden on the defendant, though, is merely one of production not proof." *Lee*, 684 F.2d at 773. "It is important to bear in mind ... that defendants' burden of rebuttal is exceedingly light; 'the defendant need not persuade the court that it was actually motivated by the proffered reasons ... it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against plaintiff.'" *Perryman*, 698 F.2d at 1142 (quoting *Burdine*, 450 U.S. at 254–55, 101 S.Ct. at 1094–95). See also *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365–366 (4th Cir.1985).

### (c) Step 3

"Once defendant meets [its] burden the analysis proceeds to the third stage at which the plaintiff must prove by a preponderance of the evidence either that the asserted legitimate reason is pretextual or more directly that a discriminatory reason motivated the discharge." *Russell County*, 684 F.2d at 773. See also *Lewis*, 731 F.2d at 1537; *Gairola*, 753 F.2d at 1287.

■ In the case at bar, assuming arguendo that plaintiff established a prima facie case, the burden then shifted to defendant to articulate a legitimate nondiscriminatory reason for plaintiff's firing. At trial the reason presented by defendant was that plaintiff was "negative and disruptive." Plaintiff cannot seriously argue that these reasons are not legitimate and nondiscriminatory. See generally *Harris v. Group Health Association*, 662 F.2d 869 (D.C.Cir.1981).

As I found from the bench, plaintiff failed to prove by a preponderance of the evidence that defendant's reasons were pretextual. I stated from the bench on 4

ing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1004 (1st Cir.1979)).

**7.** In nn. 5 and 6, and in other places, I have quoted language of opinions using, confusingly I posit, the terms circumstantial and direct evidence. These terms should be transliterated into the sense of the terms explained in Section I. It is only in that sense that I use the quoted words in this opinion.

April 1985 that "on the basis of all of the things that I have tried to look at to try to judge credibility, I believe that the most that can be said for the plaintiff's case is that it is in a state of equipoise; that the plaintiff has failed to carry a burden of proof by a preponderance of the evidence." Findings of Fact at 13. As I noted initially, plaintiff's brief has done nothing to change my mind on this matter.

### IV CONCLUSION

The foregoing discussions on the burden of proof was prompted by the vexingly careless use of words by judges in deciding discrimination actions. Ordinarily I would not deal at such length with such well-known evidentiary criteria for deciding cases. However, the EEOC, the pre-eminent authority on illegal discrimination, in oral argument and in brief contended earnestly for its mistaken view. Under the circumstances I thought it appropriate carefully to consider the Commission's argument. Hence this opinion.

Finding that the EEOC on behalf of Miss Smith has failed to prove by a preponderance of the evidence that her firing was for an illegal discriminatory reason, judgment must be entered for defendant.

An appropriate judgment shall issue.

And it is so ORDERED.