Andrew L. HILL, Roosevelt Coleman, Jr., Joe L. Lock, Walter J. Jones and Freddie Lee, Plaintiffs-Appellants-Cross-Appellees,

v.

SEABOARD COAST LINE RAILROAD COMPANY,
Defendant-Appellee-Cross-Appellant.

No. 84–3401.

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1985.

Mark F. Kelly, Tampa, Fla., for plaintiffs-appellants-cross-appellees.

John M. Breckenridge, Jr., Tampa, Fla., for defendant-appellee-cross-appellant.

Before TJOFLAT and HENDERSON, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

NICHOLS, Senior Circuit Judge:

Appellants Hill, Coleman, Lock, Jones, and Lee (appellants or employees) brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that Seaboard Coastline Railroad Company (Seaboard) discriminated against appellants, black employees of Seaboard, by refusing to promote them to supervisory positions because of their race. The employees based their claims on both disparate impact and disparate treatment theories. The district court, 573 F.Supp. 1079, dismissed appellants' disparate impact claim following the close of their case, but ultimately held that intentional discrimination under the disparate treatment theory had been proven. The court apparently

---

* Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation.

supposed that only one of appellants would have been promoted absent discrimination, but it could not tell which one, so it made a very limited award of money and divided it five ways. The employees appeal claiming the court erred by dismissing the disparate impact claim, and abused its discretion by providing only limited remedial relief and less than the requested attorney's fees. Seaboard primarily cross-appeals from the court's judgment of liability based on disparate treatment.

This court has jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand the dismissal of the disparate impact claim. Because we find that the court's finding regarding the employees' qualifications are conflicting, illogical, and thus ambiguous, we remand the judgment on disparate treatment for further consideration. Consequently, we also remand for further consideration of the court's calculation of attorney's fees.

## I

The facts critical to this court's resolution of the issues on appeal are few. Appellants are journeymen railroad carmen in the Car Department of Seaboard's Tampa, Florida, Division. The 304 journeymen in the department are supervised by carmen/foremen; these foremen are selected by the master mechanic. The selection process is an informal one as employees are never given notice that vacancies exist and the subjective promotion criteria are known, if at all, only to the white master mechanic and the all-white supervisory cadre which assists the master mechanic in the promotion decision. According to the master mechanic, the informal procedures were as follows: when a vacancy occurred in a foreman position, the master mechanic chose for consideration six to eight journeymen from the seniority list. The master mechanic based his choice of candidates on the unwritten recommendation of the departmental supervisors and on personal observations. The personnel files of the "final" candidates were then examined and the "best qualified" person was chosen.

Between January and July 1980, five foreman positions became available; all were filled by white journeymen. After the promotions were effected, appellants were either demoted or furloughed for economic reasons; in contrast, the promoted whites suffered no financial detriment.

## II

The district court in this case considered the employees' claims under the disparate treatment theory of discrimination, and the case was fully tried with judgments on liability and relief entered. In an instance such as this, where the disparate treatment claim was fully tried, the appellate court reviewing the district court's judgment should proceed directly to the ultimate question; whether defendant intentionally discriminated against plaintiff. *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir.1984). This court will reverse the district court's finding on intentional discrimination only if that finding is clearly erroneous, or is based on clearly erroneous subsidiary findings of fact, or a mistaken view of the law. *Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).

While this court reviews the district court's finding of intentional discrimination, consideration of the subsidiary facts in light of the evidentiary framework presented in *McDonnell Douglas v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) is useful. A plaintiff may establish a prima facie case of employment discrimination by proving that he is a member of a protected minority, was qualified and applied for the promotion, was rejected, and other employees who were not members of the protected class were promoted. *See, e.g., Crawford v. Western Electric Co.*, 614 F.2d 1300, 1315 (5th Cir. 1980). Defendant, who never has the burden of persuasion, then must articulate a nondiscriminatory reason for denying plaintiff the promotion. While the burden of

production is not high, as defendant's admissible evidence need only be sufficient to raise a genuine issue of fact as to whether it discriminated against plaintiff, in articulating the nondiscriminatory reason, the explanation must be stated with sufficient clarity so that plaintiff will have a full and fair opportunity to demonstrate pretext. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Of course, failure to promote a plaintiff because the person actually promoted was more qualified is a nondiscriminatory reason, but the articulation of that reason must include the fact that the decision-maker knew that the promoted individual's qualifications were superior at the time the decision was made. *See Eastland v. Tennessee Valley Authority,* 704 F.2d 613 (11th Cir.1983). If a nondiscriminatory reason is articulated through admissible evidence, plaintiff must prove that the reason given was merely pretextual. The plaintiff always bears the burden of persuasion.

We consider the court's opinion finding on discrimination in light of the above-mentioned law. The district court, in its order of November 11, 1983, specifically found that plaintiffs had established a prima facie case under *McDonnell Douglas.* Particularly the court held that "since all journeymen/carmen were considered for the foreman jobs, the plaintiffs can be said to have been qualified * * *." Although there is evidence in the record that the employees considered themselves qualified, it appears the court relied only on the fact that any carman with four years experience might be considered for promotion. Apparently and understandably the court was uncomfortable with this method of proving qualifications. The court, which cited the correct legal standard as enunciated in *Burdine,* continued that Seaboard did present a clear reason for failing to promote plaintiffs, but that it did not articulate that reason through sufficient evidence. Thus, it appears that the court held that defendant failed to meet its burden of production, and the court entered a finding of intentional discrimination. Reviewing

these findings of the district court in its order, it appears that the court, in considering the establishment of the prima facie case and defendant's burden of production, found that the employees were qualified, and that defendant did not articulate that those promoted instead were promoted because they were more qualified or that specific subjective qualifications were in existence which plaintiffs did not possess. But it appears the district court ultimately presumed rather than really found that the employees were qualified.

The district court on March 22, 1984, entered a second order on the relief to be granted. In that order, the court found that "[d]efendant correctly points out that the Court never explicitly made a finding that plaintiffs were qualified to accede to the position of carman/foreman." The court continued that after intentional discrimination is established, defendant has the burden of producing clear and convincing evidence that plaintiffs would not have been promoted even had the selection process not been discriminatory. Finding that defendant had not met its burden, the court awarded backpay. In considering the amount of backpay, the court also stated that "[w]hile the defendant has not shown by clear and convincing evidence that the plaintiffs would not have been promoted, neither have plaintiffs proved they were qualified."

■ The findings on qualifications presented in the March 1984 order appear to be in conflict with the court's order of November 1983, which stated that plaintiffs had proved the prima facie case. Because these findings are in conflict, and because of the uncertain foundation of the earlier finding, we remand the judgment on disparate treatment to the district court. The court is requested to make specific findings of fact, in accordance with Fed.R. Civ.P. 52(a), on appellants' establishment of intentional discrimination and on the subsidiary facts relied upon.

■ This case certainly presents great difficulty for all those concerned because

of the subjective nature of the promotion considerations. It is difficult to imagine how a large corporation with a numerous work force can expect to satisfy its legal duties towards minorities when its selections for promotion are made in such an unstructured and unguided manner. Of course, subjective criteria are not discriminatory per se, but a corporation which uses subjective criteria cannot hide behind those criteria to protect itself from a finding of discrimination. It is particularly difficult to prove that an employee is qualified for promotion where no specific criteria are available with which the employee can compare himself. Still the plaintiffs do bear the burden of proving intentional discrimination.

On remand, the district court is requested to reconsider its findings regarding appellants' qualifications and its finding on intentional discrimination based on all the evidence. If the court finds that the appellants were not qualified, then the court must find that there was no intentional discrimination.

Of course, the court may find that plaintiffs were qualified for promotion; such a finding must be supported by more than the inference that plaintiffs must be qualified since all carmen having served for four years were considered to be in the pool of applicants for promotion. There was direct evidence that some carmen with the necessary four years were not qualified to supervise the work of others. The court is to consider the depositions of the employees and the testimony of Mr. Brigman, as well as all other evidence available, and make its finding based on a foundation of evidence including the court's credibility determinations.

■■■■ If, on remand, the court adheres to the finding that intentional discrimination existed, a presumption is created that the unfavorable employment action was the product of the discriminatory intent; this presumption may only be rebutted by a showing by the employer by a *preponderance* that the action would have been taken in the absence of the discriminatory intent.

*Perryman v. Johnson Products Co.*, 698 F.2d 1138 (11th Cir.1983) citing *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). *See also Easley v. Anheuser-Busch*, 758 F.2d 251 (8th Cir.1985). If the court finds that Seaboard proved that those promoted were more qualified, then there exists no economic injury from which appellants may recover financially. As the district court properly noted, once discrimination and injury have been proven, a presumption of entitlement to appropriate remedies arises. *Lewis v. Smith*, 731 F.2d 1535 (11th Cir. 1984). On remand, the district court shall also reconsider its fashioning of remedies so that the relief is in harmony with the new findings of fact. It is not required to award money damages if some form of prospective relief would serve the ends of justice better.

■■■■ We also remand the court's award of attorney's fees. An award of attorney's fees is clearly within the sound discretion of the trial court, and this court reviews only whether such an award was an abuse of discretion. In its award of attorney's fees, the district court disallowed some hours, as it may rightly do. When the court finds the number of hours excessive, however, it should explain which hours are disallowed and why an award of fees for these hours would be improper. *See Carmichael v. Birmingham Saw Works*, 738 F.2d at 1137; *Fitzpatrick v. International Revenue Service*, 665 F.2d 327, 332 (11th Cir.1982). On remand, the court shall specifically explain which hours were disallowed and why an award for such hours would be improper. The court may also reconsider its analysis determining the proper award in light of the remand on the disparate treatment claim.

## III

■■■■ We reverse the district court's dismissal of the disparate impact claim, which was based on its conclusion that subjective criteria "cannot be accepted as an adequate predicate for an adverse impact claim."

Since the decision below, this circuit has held that the disparate impact theory may be used to challenge subjective elements of selection processes—*Griffin v. Carlin*, 755 F.2d 1516, 1523 (11th Cir.1985). Accordingly, the trial court's dismissal must be reconsidered. The disparate impact claim judgment is reversed and remanded to the district court for further consideration in light of *Griffin.*

■■■ We also hold that the district judge did not abuse his discretion by refusing to admit into evidence the testimony of Seaboard's expert witness. Expert opinion testimony is admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. The court's decision that it would not assist the court to consider the expert's testimony, that those promoted were more qualified than appellants based on an assessment method not used by the promotion decision-maker, was not an abuse of discretion.

### IV

The judgment dismissing the disparate impact claim is reversed and remanded. The judgment of liability and relief, including the award of attorney's fees, pertaining to the disparate treatment claim is vacated and the cause is remanded to the district court for additional findings of fact and conclusion of law consistent with this opinion.

REVERSED and REMANDED