Josephine L. CHERREY, Plaintiff,

v.

THOMPSON STEEL COMPANY, INC., Defendant.

Civ. No. N–91–2770.

United States District Court, D. Maryland.

Nov. 5, 1992.

Deborah Kay McCallum, Baltimore, Md., for plaintiff.

Brian Steinbach, and Banta, Cox and Hennessy, Chicago, Ill., and Lawrence E. Dube, Jr., and Dube and Goodgal, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

NORTHROP, Senior District Judge.

This is an action brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.;* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* and the Equal Pay Act, 29 U.S.C. § 206(d).

A two day trial was conducted on October 26 and 27, 1992. At the close of Plaintiff's case, Defendant made a Motion for Judgment on Partial Findings. Fed. R.Civ.P. 52(c). *See Homes v. Bevilacqua,* 794 F.2d 142, 147 (4th Cir.1986). Ruling from the Bench, this Court granted Defendant's Motion for Dismissal on grounds that under the facts and the law, the Plaintiff had no right to relief. Plaintiff failed to demonstrate any age or sex discrimination, and Plaintiff failed to present any violation of the Equal Pay Act. In making this ruling, the Court had before it Plaintiff's case in chief; the Pretrial Order; all of Plaintiff's exhibits and twenty-one exhibits from Defendant.

### I. *Statement of Facts*

Defendant manufacturers cold rolled steel coils cut to various widths and thicknesses. Defendant's headquarters is located in Canton, Massachusetts, however, it has six other locations including Sparrows Point, Maryland which is the site of the plant involved in this matter.

Josephine L. Cherrey has been employed with Defendant, Thompson Steel Company, since September of 1964. From 1980 to 1989, she was employed as the "inside sales clerk." Up until September of 1989, the Defendant's sales department at the Sparrows Point facility consisted of the sales manager (Mr. Peters), assistant sales manager (Mr. Foertschbeck), customer service representative (Mr. Blair), a receptionist, secretary, several outside salespersons and Plaintiff's position of inside sales clerk. The inside sales clerk was the only "unit" position attached to the sales department who was allowed to handle, along with the management positions, customer sales. Unit positions are those jobs whose terms, wages and conditions of employment are covered by a collective bargaining agreement. *See* Defendant's Exhibit 1 "Agreement between Thompson Steel Co., Inc. and the United Steel Workers of America AFL–CIO." The collective bargaining agreement covers unit positions of office, clerical and technical employees.

The management sales positions were all filled by men, Peters, Foertschbeck and Blair. When Foertschbeck retired, Blair was promoted to take his position, while an outside sales person, Mr. Bowman, was brought in to fill Blair's position of customer service representative in August or September of 1989.

On September 19, 1989, Plaintiff was informed by Defendant that her position of inside sales clerk was being eliminated. She was advised by management to use her seniority to "bump" another employee and move into a lower paying position of payroll clerk within Defendant's company. Cherrey exercised her option on September 25, 1989.

Defendant contends that Plaintiff's position was eliminated due to company restructuring, however, Defendant did hire another male employee, Mr. Bowman, to replace Blair. Mr. Bowman's title was Customer Service Representative.

In October of 1989, Plaintiff filed a Charge with the EEOC in which she alleged that Defendant had discriminated against her in violation of age discrimination, Equal Pay Act and Title VII (both for equal pay and discriminatory demotion). Plaintiff sues Thompson Steel Co. first, for the alleged elimination of her position as inside sales clerk while hiring another younger male employee to do essentially the same tasks; second, for being forced to transfer to a lower paying position as payroll clerk; and third, Plaintiff alleges that during the period from September, 1980 to September, 1989, she performed duties of inside sales clerk for which she was paid substantially less than two other males who performed substantially the same work. The EEOC investigated and determined that there was probable cause to

find Defendant had discriminated. Attempts at reconciliation failed.

 On September 15, 1991 Plaintiff received a letter from the EEOC informing her that the statute of limitations on her Equal Pay Act claim would run out on September 25th of 1991 and her age discrimination claim would be time barred on October 25, 1991. Plaintiff's counsel wrote the EEOC requesting a Right-to-Sue letter and also phoned the agency after receiving no response. Having received no response from the EEOC by September 25, 1991, the date the EEOC stated that the limitations period would expire on the Equal Pay Act claim, Plaintiff filed this action.[1]

## II. *Analysis*

### A. Legal Standard

 In considering a motion for judgment for partial findings under Fed. R.Civ.P. 52(c) the judge, as trier of the facts, must weigh and consider all of the evidence presented. The judge may sustain Defendant's motion at the close of plaintiff's case even though a *prima facie* case may have been presented. *Holmes v. Bevilacqua*, 794 F.2d 142, 147 (4th Cir. 1986); *see also EEOC v. Electrolux Corp.*, 611 F.Supp. 926, 929–31 (E.D.Va.1985). In reviewing Defendant's motion, the Court is not to make the special inferences in considering the evidence in plaintiff's case. "Instead it is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2371 (1971).[2]

### B. Equal Pay Claims

Plaintiff contends that during the years 1980 through 1989, she was performing substantially the same job as two male counterparts and yet was receiving on average $14,000 a year less than they earned. Plaintiff appears to be bringing this claim under both the Equal Pay Act and under Title VII.

 Although there are some differences, the sex discrimination provisions of Title VII and the Equal Pay Act are construed in harmony. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir.1989); *Brewster v. Barnes*, 788 F.2d 985, 991 (4th Cir.198*).

 There is one essential difference between these provisions. While the Equal

---

1. At trial, Defendant renewed its Motion for Summary Judgment on the grounds that Plaintiff's age discrimination and Equal Pay Act claims are time barred by six days. Plaintiff claimed that these claims were not barred by the statute of limitations because the violations were willful, thereby extending the limitations period for another year. 29 U.S.C. § 255(a).

This Court denied Defendant's Motion for Summary Judgment. However, the Court did not view Defendant's conduct as meeting the willfulness standard articulated by the Supreme Court. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Instead, the denial of Defendant's motion was predicated on the Court's finding that the Equal Pay Act claim was filed within the two year statute of limitations and that there are good equitable reasons for tolling the statute.

Defendant's alleged violation of the Equal Pay Act constitutes a continuing violation that may not end until September 25, 1989 when Plaintiff formally accepted the "new" position as payroll clerk. *See Brewster v. Barnes*, 788 F.2d 985, 993 (4th Cir.1986). Consequently, the Equal Pay Act claim would be within the limitations period as the complaint was filed September 25, 1991. *See* 29 U.S.C. §§ 255 & 256. Moreover, while

Defendant disagrees, there are sound equitable reasons for tolling the limitations period as Plaintiff was relying upon an EEOC determination of the limitations period and Plaintiff was apparently attempting to secure her Right-to-Sue letter before filing this action for the Title VII claims in her case. *See Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232 (4th Cir.1981); *Cornett v. AVCO Financial Services*, 792 F.2d 447 (4th Cir.1986) (whether a Court should grant relief from the limitations period is within the discretion of the trial court based in part on the particular circumstances of the case).

As the Court is granting Defendant's Rule 52(c) motion, further elaboration of the Court's reasoning on the Motion for Summary Judgment is not necessary. The Court is simply indicating for the record its reasoning for denying Defendant's Motion for Summary Judgment.

2. The Court notes, however, that Plaintiff's case would fail under the standard used in a motion made pursuant to Fed.R.Civ.P. 50(a). Plaintiff has failed to sustain its burden even when all reasonable inferences are drawn in Plaintiff's benefit, viewing evidence in a light favorable to Plaintiff's case. *Wilhelm v. Blue Bell*, 773 F.2d 1429, 1433 (4th Cir.1985).

Pay Act creates a sort of "strict liability" for discrimination on the basis of sex, Title VII requires a showing of some sort of "discriminatory intent." *Hassman*, 790 F.Supp. at 569. In a Title VII case, once a Defendant has established a legitimate, non-discriminatory reason for the wage differential, the Plaintiff must show by a preponderance of the evidence that the proffered excuse is pretextual. *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Williams*, 871 F.2d at 455. Discriminatory intent is not an element of a claim under the Equal Pay Act *Brewster*, 788 F.2d at 993 n. 13.

The prima facie case under the Equal Pay Act or under Title VII requires proof: (1) That an employer is paying different wages to employees, (2) of the opposite sex, (3) for equal work. 29 U.S.C. § 206(d)(1); 42 U.S.C. § 2000e–2(h); *see e.g., Maxwell v. Tucson*, 803 F.2d 444, 446 (9th Cir.1986); *Hassman v. Valley Motors, Inc.*, 790 F.Supp. 564 (D.Md.1992) (Opinion by Judge Young).

■ If the prima facie case is established, the burden shifts to the employer under the Equal Pay Act to prove that the differential in wages is justified by a preponderance of the evidence under one of four affirmative defenses: (1) a seniority system; (2) a merit system; (3) a system pegging earnings to quality or quantity of production; or (4) any factor other than sex. 29 U.S.C. § 206(d)(1)(i)–(iv); *see Keziah v. W.M. Brown & Son, Inc.*, 888 F.2d 322, 324 (4th Cir.1989); *Hassman*, 790 F.Supp. at 567.

■ The most critical portion of the prima facie proof is the determination of whether or not the work is "substantially equal." *Hassman*, 790 F.Supp. at 567. If the jobs to be compared have a common core of tasks, *i.e.*, significant portions of the two jobs are identical, the inquiry turns on whether the differing or additional tasks require greater skill or responsibility. *Id.* Skill is a function of experience, training, education, and ability, and is measured in terms of the "performance requirements" of the job. *Id.* at 568. Responsibility mea-

sures, among other things, the degree of "accountability" to higher-ups. *Id.*

In this particular case, Plaintiff contends that from 1980 through 1989, Defendant paid her less than her male counterparts within the inside sales department, despite the fact that she was performing essentially the same work as those male counterparts.

Plaintiff's Equal Pay Act and Title VII claims are crippled by her inability to establish the *prima facie* case. In this case, the Court finds by a preponderance of the evidence that Plaintiff's job is not substantially equal to that of male counterparts against whom she compares herself. Plaintiff testified that she did substantially the same work as both Mr. Foertschbeck and Mr. Blair.

There is no question from the exhibits both parties presented and from Plaintiff's testimony that there is an overlap in job assignments between Plaintiff and Blair and Foertschbeck. Plaintiff testified that she, like her male counterparts, handled customer sales, service and complaints. All three worked to expedite sales. All three, until about November of 1987, quoted price and delivery terms to customers.

■ However, significant differences remain, enough of a difference so as to defeat Plaintiff's *prima facie* case. First, Foertschbeck, Plaintiff testified, was her supervisor. Foertschbeck, and to some extent Blair, who was hired as a trainee for Foertschbeck's position, met with upper management at the Sparrows Point plant. Plaintiff did not attend these meetings, nor was she directly answerable to these individuals. Foertschbeck, for example, was head of sales when the Sales Manager Peters was away from the office. Moreover, Foertschbeck was responsible for traffic management during the delivery process. Moreover, both males performed other duties Plaintiff did not perform, such as weight negotiation, market research and development of sales strategies. Although Plaintiff testified that the last function did not, in her opinion, take up much of their time. In view of the differences in respon-

sibility, both at the job and to upper management, the Court finds that Plaintiff's attempted comparison to Foertschbeck is inappropriate. Under the law, therefore, Plaintiff's case using Foertschbeck cannot be sustained. *Hassman*, 790 F.Supp. at 568.

■ Second, Plaintiff's comparison with Blair provides a closer case but ultimately even that comparison cannot be sustained. During Plaintiff's entire tenure as an inside sales clerk there were certain functions that were Plaintiff's primary responsibility. Plaintiff had primary responsibility for keying-in order forms, checking all order write ups against product master listings to determine if the order is an initial or repeat order, route order forms to sales representatives and sales manager, and making sure all written revisions to the orders were done properly.

Moreover, in November of 1987, a change occurred that produced an increased division between Plaintiff's responsibilities and those of the male "counterparts" in the sales department. Defendant's largest customer, Torrington, adopted a new procedure for ordering and pricing goods. Primary responsibility for handling this new pricing and ordering system went to Blair. Indeed, Plaintiff testified she was unfamiliar with the new matrix, pricing system used in the Torrington account. *See* Defendant exhibits 41, 47 and 48 (exhibits dealing with price matrix instructions and raw materials cost).

These differences in responsibilities are supported by an arbitration opinion and award. *See* Plaintiff's Exhibit 19 *In Matter of Arbitration between Thompson Steel Co. and United Steelworkers of American Local 7659*, FMCS No. 90–02670 (Josephine Cherrey) ("arbitration opinion"). Shortly after Defendant eliminated the inside sales clerk position, Plaintiff filed a grievance alleging that Thompson Steel had taken work that belonged exclusively to the bargaining unit and was controlled by the Collective Bargaining Agreement. *See* Plaintiff's Exhibit 19. Defendant, at that time, stated that there were only three hours of exclusive unit work that had been reassigned from the union to management. Plaintiff and the Union, on the other hand, contended that there were six and one half hours of work reassigned from work covered by the collective agreement to management. Although the arbitration opinion does not resolve the differences between Plaintiff's and Defendant's estimate of the job, their final agreement was memorialized in a Resolution of Grievance agreement. *See* Defendant's Exhibit 73.

The Resolution of Grievance spells out the specific differences between the work exclusively done by Plaintiff as inside sales clerk and the males in the sales department. The Resolution of Grievance together with the arbitration opinion make clear that Plaintiff and the males in the sales department were not doing substantially similar jobs. As such, the Court finds by a preponderance of the evidence that Plaintiff is unable to establish her *prima facie* case for the unequal pay under either the Equal Pay Act or Title VII. *See Brewster*, 788 F.2d at 991–92.

■ Plaintiff's case is further crippled by her complete failure to rebut Defendant's proof that the wage differentials were due to anything other than the collective bargaining agreement. Both Plaintiff's own testimony and the Collective Bargaining Agreement firmly establish that Plaintiff's wages were, as with all other union employees at Thompson Steel, established by negotiation between union and management. *See* Defendant's Exhibit 1, especially Appendix A.

Defendant carries a heavy burden in proving that the wage differential is due to a factor other than sex. *Id.* at 992. This Court finds by a preponderance of the evidence that Defendant met this burden. 29 U.S.C. § 206(d)(1).

In response to this, Plaintiff produced no evidence or testimony. Indeed, had Plaintiff felt that during her nine years as inside sales clerk that the agreement was unfair or that either she or Blair were misclassified, Ms. Cherrey could have filed a grievance for changing the classification. Plaintiff testified that she did not challenge this classification then, and she produces no

evidence to undercut Defendant's reliance on the bargaining agreement now.

As Plaintiff produced no evidence of intentional discrimination based on sex, Ms. Cherrey's Title VII claim must be dismissed. *Brewster*, 788 F.2d at 992. Since the Equal Pay Act permits employers to defend against charges based on a *bona fide* use of factors other than sex, the collective bargaining agreement negotiated with the union defeats this claim as well. *See Id.* Moreover, Plaintiff's failure to establish the *prima facie* case defeats the unequal pay claims brought under the Equal Pay Act and Title VII. Accordingly, the Court grants Defendant's Motion for Judgment on Partial Findings for these claims.

### C. Plaintiff's Title VII and ADEA Claim

 To establish her claim, Plaintiff carries the burden of persuasion. She must show that but for either her age or her sex, Defendant would not have demoted her. 29 U.S.C. § 621–634(a); *Goldberg v. B. Green & Co.*, 836 F.2d 845 (4th Cir. 1988); *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429 (4th Cir.1985) *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986).[3] The Plaintiff may meet this burden of proof by offering direct evidence, or she may rely on the judicially created proof scheme used for Title VII and ADEA cases. *EEOC v. Western Electric Co.*, 713 F.2d 1011, 1014 (4th Cir.1983).

 The analysis proceeds in three stages. *Jamil v. Secretary, Department*

**3.** The judicially created proof scheme under either the ADEA or Title VII is essentially the same. *EEOC v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir.1983). Since the proof schemes for these claims are essentially the same, they will be treated together.

**4.** With respect to the fourth prong of the *prima facie* age discrimination case, the law in the Fourth Circuit is still in flux as to whether a plaintiff must compare herself with someone of equivalent qualification outside of the protected age class. In *Herold v. Hajoca Corp.*, the Court indicated that the fourth prong could be met if a plaintiff produced evidence indicating that age was not treated neutrally by a defendant. 864 F.2d 317, 320 (4th Cir.1988). In other words, a

*of Defense*, 910 F.2d 1203, 1206 (4th Cir. 1990). First, Plaintiff must establish a prima facie case for discrimination. *Goldberg*, 836 F.2d at 849. Second, establishing the *prima facie* case shifts the burden of production to the Defendant, who must articulate a legitimate, non-discriminatory reason for the disparate treatment. *Fink v. Western Electric Co.*, 708 F.2d 909, 915 (4th Cir.1983) ("The presumption or inference arising from proof of a prima facie case dissolves in the ADEA case upon evidence adduced by the Defendant of illegitimate, non-discriminatory reason for its action."). Third, if the Defendant produces a legitimate reason for the adverse action, the Plaintiff must demonstrate that the reason is merely a pretext for discrimination. *Id.*

 To establish the first step—the prima facie case, Plaintiff must meet four requirements:

(1) The Plaintiff is in the protected group;

(2) The Plaintiff was discharged or demoted;

(3) At the time of the discharge or demotion, the Plaintiff was performing [her] job at a level that met [her] employer's legitimate expectations; and

(4) Following [her] discharge or demotion, the Plaintiff was replaced by someone of comparable qualifications outside the protected class.

*Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1417–18 (4th Cir.1991).[4]

plaintiff need not necessarily compare herself to others outside the protected class in order to meet the fourth prong of the *prima facie* case. However, the Fourth Circuit has stated that in a reduction in workforce cases, a plaintiff's comparison must be with persons outside of the protected class. *See Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1417–19 (4th Cir.1991).

The Court will treat *this* case as a reduction in workforce since Defendant presented uncontradicted evidence that Ms. Cherrey's job was eliminated as part of a company restructuring. Moreover, as discussed in Section II, B of this Opinion, the Court found that Blair's position and Plaintiff's were not equivalent. Therefore, eliminating the inside sales clerk position, and hiring Mr. Bowman to fill Mr. Blair's position

Plaintiff contends that the elimination of her job was the result of age discrimination. Plaintiff noted that while her job was eliminated, Mr. Bowman, age fifty and approximately nine years younger than Plaintiff, was hired to fill Mr. Blair's position. Plaintiff presented absolutely no direct evidence of intentional age discrimination. Therefore, Plaintiff must use the *prima facie* proof scheme. *Western Electric Co.*, 713 F.2d at 1014. However, because this is a reduction in workforce case Plaintiff must compare herself to individuals outside of the protected age class. *Uniroyal*, 928 F.2d at 1417–19. As Plaintiff could not point to anyone who was treated differently outside the protected age class, Plaintiff's age discrimination case must fail. *Id.* Indeed, Plaintiff's counsel conceded as much at trial during her opposition to Defendant's Motion for Judgment on Partial Findings.

■ Plaintiff's Title VII case is also doomed to fail by her inability at trial to produce evidence that her job qualifications are comparable to her male counterparts. Moreover, Plaintiff failed to present any evidence that rebutted Defendant's legitimate nondiscriminatory reasons for eliminating her inside sales clerk position.

At trial, the only evidence Plaintiff presented was the testimony of Brenda Dobvins who works at the switchboard in the sales department. Ms. Dobvins testified that she applied for Mr. Blair's job but was told that the position was normally filled by a male.

Ms. Dobvins' testimony stands alone and is insufficient to contradict Defendant's arguments. First, Ms. Cherrey was claiming sex discrimination in the context of her job elimination. However, even if the adverse action is taken to be a failure by the Defendant to promote Ms. Cherrey to Mr. Blair's position, Plaintiff is still unable to sustain her case. Ms. Cherrey, as already mentioned, presented no evidence of her qualifications or those of Mr. Bowman who received Blair's job.

reduced the number of people in that depart-

Defendant claimed that the job elimination was due entirely to company efforts to restructure and streamline operations. The inside sales position was held by Defendant to be less essential than the other sales positions. Many of Plaintiff's tasks, such as keying-in orders had been reassigned during two of Plaintiff's extensive absences from work. Further, Defendant also eliminated one outside sales position, Mr. Bowman's. To keep from laying him off, Defendant moved Mr. Bowman over to fill the vacancy presented by Mr. Blair's promotion. This decision to eliminate Ms. Cherrey's position was affirmed in the arbitration opinion. *See* Plaintiff's Exhibit 19. Plaintiff presented no evidence to indicate that Defendant's reasons for eliminating her position were a pretext. Therefore, this Title VII sex discrimination case must fail. The Court grants Defendant's Motion for Judgment on Partial Findings on plaintiff's Title VII claim.

### III. *Conclusion*

The Court grants in full Defendant's Motion for Judgment on Partial Findings. Fed.R.Civ.P. 52(c). Plaintiff is unable to make the *prima facie* case for her Equal Pay Act and equal pay claim under Title VII. Further, Defendant proved by a preponderance of the evidence that the wage differential between Plaintiff and the comparative males was due to a reason other than sex—the Collective Bargaining Agreement between the union and management. As such, the Court grants judgment on Plaintiff's claims under the Equal Pay Act and Title VII.

Plaintiff offered no direct evidence and did not make out the *prima facie* case for her claim of age discrimination, so the Court grants judgment for the Defendant on this Claim. Finally, the Court grants judgment for Defendant on Plaintiff's Title VII claim for the job demotion. Plaintiff offered no evidence comparing her job qualifications to Mr. Bowman, and Plaintiff offered no evidence that Defendant's legitimate nondiscriminatory reasons for eliminating the inside sales position were pre-

ment.

textual. As such, the Court grants judgment for Defendant on this Title VII claim.