Renee LANE

v.

WAL–MART STORES EAST, INC.

No. CIV. CCB–99–763.

United States District Court,
D. Maryland.

Sept. 1, 1999.

W. Robert Donovan, Jr., Ashcraft & Gerel, Baltimore, MD, for Plaintiff.

Todd Horn, Venable, Baetjer & Howard, LLP, Whitney Head, Litigation Department, Wal–Mart Stores, Inc., Bentonville, AR, for Defendant.

## *MEMORANDUM*

BLAKE, District Judge.

Renee Lane has sued defendant Wal–Mart Stores East, Inc. ("Wal–Mart"), alleging discrimination based on an actual disability, discrimination based on a perceived disability, and failure to provide training in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Wal–Mart has filed a motion to dismiss. Because both parties have submitted materials outside the pleadings, the motion will be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(c). No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, Wal–Mart's motion to dismiss will be denied.

### *BACKGROUND*

As this is being treated as a summary judgment motion, the facts, viewed in the light most favorable to the non-moving party, are as follows. Throughout her life, Renee Lane has suffered from specific learning disabilities. At age three, she was placed in an Early Childhood Education Program for the development of her cognitive abilities. Thereafter, educators placed Lane in special education classes and developed an Individualized Educational Program to accommodate her

learning disability of "Seriously Emotionally Disturbed." Lane finally enrolled in home schooling, and, at the age of 20, was still working towards her high school diploma. Compl. ¶ 11.

In September 1995 Renee Lane applied for a job as a sales associate at a Wal-Mart store located in Glen Burnie, Maryland. Compl. ¶ 12. Lane advised her interviewer, Craig Lowry, that she had a learning disability which affected her ability to comprehend things as quickly as an average person. Lane informed Lowry that she might need instructions repeated to her, and might need to be shown how to do certain tasks. Compl. ¶ 13. Following the interview, Lane was hired as a sales associate. Compl. ¶ 14. Although all employees of Wal-Mart are required to complete a computerized training program shortly after being hired, Lane was never given the opportunity to complete the training. Compl. ¶ 15.

Lane took a leave of absence from Wal-Mart for the first three months of 1996. When she returned in April 1996, Wal-Mart placed her in the Seasonal Department. Compl. ¶¶ 17, 18. Again, Wal-Mart refused to allow Lane to participate in the computer training. Compl. ¶ 19. She received good performance evaluations, however, during this time. Compl. ¶ 20. In January 1997 Wal-Mart fired Lane, stating that her termination was due to lack of work in the department, as the holiday season had ended. Compl. ¶ 21. Within the next two days, however, an associate from another department—than whom Lane was more or equally qualified—filled her position in the Seasonal Department. Compl. ¶¶ 22, 23.

In June and July, 1997, Lane called the EEOC several times to allege that her termination from Wal-Mart was due to her learning disability. Pl.'s Opp'n Ex. 1 ¶ 1 (Aff. of Renee Lane). In response, the EEOC mailed an ADA Information Form to Lane; she completed and returned it to the EEOC on August 1, 1997. Pl.'s Opp'n Ex. 3 (EEOC Mail Log). Later in August, Lane again called the EEOC to check on

the status of her complaint. The EEOC official she spoke to assured her that the Commission had received the Information Form, and that the next step for Lane was to be patient. Pl.'s Opp'n Ex. 1 ¶ 3. On November 5, 1997, the EEOC sent a letter to Lane, asking her to come into the office on December 15, 1997, for an interview with an EEOC official. Pl.'s Opp'n Ex. 4. At the December 15, 1997 appointment, Lane filed her Charge of Discrimination. Pl.'s Opp'n Ex. 5.

### STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in her favor. *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir.1997) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). The non-moving party may not rest upon mere allegations or denials in her pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir.1991).

### ANALYSIS

I. Untimely EEOC Filing

Wal-Mart alleges that Lane's action should be dismissed as untimely for two

reasons: (1) she failed to file an EEOC charge within the statutorily prescribed period and (2) the regulation allowing defective charges to be cured is inapplicable to her situation. While Lane concedes that her sworn charge was not filed within the statutorily prescribed time period, she contends, and this Court agrees, that the EEOC regulation allowing defective charges to be cured is applicable in this situation.

■ In a deferral state such as Maryland, an EEOC charge must be filed within 300 days of the date of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1)(1994); *Equal Employment Opportunity Comm'n v. Hansa Products, Inc.*, 844 F.2d 191, 192 n. 3 (4th Cir.1988). This charge must be "in writing under oath or affirmation." 42 U.S.C. § 2000e–5(b). Additionally, within the Fourth Circuit, filing "a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the charge." *Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir.1994).

In this case, both Lane and Wal–Mart agree that Lane did not file a verified complaint within the prescribed time period. *See* Def. Mem. Supp. Mot. Dismiss at 2; Pl.'s Opp'n at 3. The date of the last alleged unlawful employment practice was January 9, 1997, the day Wal–Mart terminated Lane. While Lane submitted an unverified ADA Information Form to the EEOC Baltimore District Office on August 1, 1997, within the 300 day period, she did not file the verified Charge of Discrimination until December 18, 1997, which was 40 days after the November 5, 1997 deadline. Such an untimely filing, however, is not fatal to Lane's case.

Under an EEOC regulation, "a charge may be amended to cure technical defects or omissions, including failure to verify the charge .... Such amendments ... will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b) (1988). The Fourth Circuit has upheld the validity of this regulation, holding that "a reasonable construction of the EEOC's regulation would simply allow charges to be verified and to relate back ... so long as the charge is a viable one in the EEOC's files." *Balazs*, 32 F.3d at 157.

While the *Balazs* court did not apply the regulation because the plaintiff attempted to amend his charge after a right to sue letter had been issued and the lawsuit had been instituted, the court did recognize the application of the regulation to situations in which the claim was still active with the EEOC when the verification was made.

■ At least one Maryland district court has applied the regulation. In *D'Anna v. M/A–COM, Inc.*, 903 F.Supp. 889 (D.Md.1995), Judge Legg held that a plaintiff's amendment to his original claim should relate back to the date the first charge was filed because the EEOC file was "open and viable" when the amendment was filed. *Id.* at 892. In dicta, the Fourth Circuit has also approved of the construction of the regulation similar to that urged here by Lane. *See Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 439 n. 2 (4th Cir.1998). While finding it unnecessary to apply the regulation because the plaintiff had filed her formal charge within 300 days, the court remarked that in failing to allow a later-filed sworn statement to relate back to the earlier filing of an unverified charge, the district court "inexplicably ignored the applicable EEOC regulation, 29 C.F.R. § 1601.12(b), which explicitly allows such an amendment." *Id.* The Fourth Circuit went on to characterize the district court's actions as "ignor[ing] the recent conclusion of this Circuit approving the very use of the regulation that Tinsley, joined by the EEOC, urges: allowing her verified claim to amend and relate back to the date her unverified claim was filed." *Id.* It is therefore clear that the relation back doctrine is accepted in this Circuit; an unverified charge filed within the 300 day filing period can be remedied by the subsequent filing of a verified charge.

Wal–Mart argues, however, that even if the relation back doctrine is recognized in

this Circuit, it is inapplicable to this case, because the ADA Information Form filed by Lane does not qualify as a "charge" that can be amended. *See* Def.'s Reply at 2–3. The relevant EEOC regulation states that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (1988). When examining this question, the Eighth Circuit has held that intake questionnaires do not satisfy the statutory requirements of an administrative charge. *See, e.g., Shempert v. Harwick Chemical Corp.,* 151 F.3d 793, 796 (8th Cir.1998) ("Intake questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge."), *cert. denied,* ——— U.S. ———, 119 S.Ct. 1028, 143 L.Ed.2d 38 (1999).

More persuasive, however, are cases from other Circuits which have held intake questionnaires to be adequate administrative charges under certain circumstances. The Tenth Circuit, in a case ultimately upholding the power of the EEOC to promulgate 29 C.F.R. § 1601.12, held that a plaintiff's Discrimination Complaint, which was an unverified statement by the plaintiff alleging an unlawful employment practice, and the only document filed within the statutorily prescribed time limit, was sufficient to allow the plaintiff to relate his verified charge back to his "timely filing" of the unverified complaint. *Peterson v. City of Wichita, Kansas,* 888 F.2d 1307, 1308 (10th Cir.1989). Similarly, the Seventh Circuit has held that a timely filed intake questionnaire, which was only later verified, "may be sufficient to constitute a charge in some circumstances." *Philbin v. General Elec. Capital Auto Lease, Inc.,* 929 F.2d 321, 323 (7th Cir.1991) (per curiam).

In dicta, the Fourth Circuit implied that a detailed letter sent by a complaining party to the EEOC constituted an administrative charge, such that the relation back doctrine could have been appropriately applied to the document. *See Tinsley,* 155 F.3d at 438, 439 n. 2 (describing the district court's mistake in refusing to apply 29 C.F.R. § 1601.12(b) to the plaintiff's "detailed letter explaining her retaliation claims").

■ While the allegations contained in Lane's ADA Information Form may not be as comprehensive as those in the above cases, they are sufficiently precise to describe generally the actions or practices complained of. In the ADA Information Form, Lane claimed that she was discriminated against because she has "an impairment that substantially limits a major life activity," after which she specified speaking and learning as the affected activities. Additionally, Lane stated that she was discriminated against because she has "a record of having such a disability" and she was "regarded by the company as having a disability." She also alleged in the document that she did not receive her "full training." These statements, further explained in the body of the form, are sufficient to fulfill the requirements of 29 C.F.R. § 1601.12(b). Therefore, the verified Charge of Discrimination, filed on December 15, 1997, will relate back to the August 1, 1997 filing of the unverified ADA Information Form, thereby remedying the untimely filing of the verified charge.

■ Finally, this Court disagrees with Wal–Mart's argument that the Charge of Discrimination filed on December 15, 1997 does not qualify as an appropriate document to relate back because it was not notarized. *See* Def.'s Reply at 4. As discussed above, 29 C.F.R. § 1601.12(b) allows relation back to cure technical errors, including "failure to verify the charge." 29 C.F.R. § 1601.3 defines verification as, among other things, "support[ ] by an unsworn declaration in writing under penalty of perjury." Lane signed her name to the Charge of Discrimination under a statement reading "I declare under penalty of perjury that the foregoing is true and cor-

rect." Therefore, Wal–Mart's argument has no merit.

## II.  Equitable Tolling

■ Even if Lane did not file an adequate charge within the statutorily prescribed period, she argues, and this Court agrees, that the limitations period should be equitably tolled. In 1981, the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Such a rule "honor[s] the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.* at 398, 102 S.Ct. 1127.

■ While Wal–Mart correctly characterizes the Fourth Circuit's view that equitable tolling is "a narrow limitations exception," *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir.1990), such a position does not preclude application of the doctrine to Lane's situation. Rather, the Fourth Circuit has recognized that the decision to grant such relief is within the discretion of the trial court and is dependent upon the particular circumstances of the case. *See Cornett v. AVCO Fin. Servs.*, 792 F.2d 447, 450(4th Cir.1986)(interpreting the Supreme Court's decision in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), as authorizing the discretionary application of equitable tolling); *Citicorp Person–to–Person Fin. Corp. v. Brazell*, 658 F.2d 232, 234 (4th Cir.1981) (recognizing that equitable tolling principles might be applicable under certain situations).

■ Equitable tolling may be applied " 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action'; or where plaintiff has been excusably ignorant of filing requirements." *Scheller v. Hydrotherm, Inc.*, 728 F.Supp. 377, 382 (D.Md.1989)(quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049–50(4th Cir.1987)). The Fourth Circuit has appreciated that a plaintiff's excusable ignorance could result from reasonable reliance on incorrect information provided by a federal agency, such as the EEOC. *See Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1013 (4th Cir.1983) (holding that the district court properly refused to dismiss claim, as the plaintiff's late filing resulted from his reasonable reliance on a Department of Labor employee's incorrect information); *Citicorp Person–to–Person Financial Corp.*, 658 F.2d at 234 ("[A] clear violation of [a] regulation by [the] EEOC might warrant the finding of a tolling effect.").

In this Court, Judge Northrop stated that "sound equitable reasons" existed for tolling when a plaintiff relied upon an incorrect limitations period calculated by the EEOC. *Cherrey v. Thompson Steel Co.*, 805 F.Supp. 1257, 1261 n. 1 (D.Md.1992). Similarly, the Fourth Circuit determined that the 300 day period should be tolled when the plaintiff's tardy filing resulted from the delay of the complaint once it reached the EEOC's office. *Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir.1982) ("[The plaintiff] did everything required of him by the statute; had his charge been properly processed, the charge would have satisfied the filing period.").

Any delay on Lane's part in filing a verified charge resulted from her reasonable reliance on incorrect information provided to her by the EEOC. Shortly following the EEOC's receipt of Lane's completed ADA Information Form on August 1, 1997, *see* Pl.'s Opp'n Ex. 3 (EEOC's Mail Case log), Lane, not then represented by counsel, called the EEOC to determine the next step she should take. *See* Pl.'s Opp'n Ex. 1. In her affidavit, Lane states that the EEOC employee "said that I would have to wait and be patient, that it takes months and that they have many cases and few employees handling the cases." *Id.* The

EEOC's file reveals that it believed Lane's perfected charge would relate back to August 1, 1997, the date she filed the ADA Information Form. This is evidenced by two documents. First is a letter written by an EEOC investigator to Wal–Mart's legal counsel, in which the investigator stated, "Ms. Lane contacted this office on August 1, 1997, which therefore makes this charge timely for the purpose of EEOC's jurisdiction." *See* Pl.'s Opp'n Ex. 6. Additionally, the EEOC's mail log clearly indicates January 9, 1997 as the date of the last unlawful employment practice. *See* Pl.'s Opp'n Exs. 3, 4. It is reasonable to assume that the EEOC was aware of the 300 day filing period, and would not purposely schedule an appointment that would cause a complaining party to miss the limitations deadline. Accordingly, the EEOC must have believed that the relation-back doctrine would apply.

Lane should not be penalized for reasonably relying on the legal conclusions drawn by the EEOC. Much like the plaintiffs in *Cherrey* and *Vance,* Lane sought out and followed the advice of federal employees charged with administering federal statutes and regulations. When asked about the next step, the employee at the EEOC told Lane she should remain patient and wait for the EEOC to contact her; the employee did not give any indication that Lane should take any affirmative steps to protect her rights. Under these circumstances, the doctrine of equitable tolling will be applied.

III.   Scope of Complaint

◼ Wal–Mart urges that Lane's actual disability claim, as well as her denial of training claim, should be dismissed as beyond the scope of her charge. The court disagrees.

◼ It is well settled in this Circuit that "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir.1981)(citing *Equal Employment Opportunity Comm'n v. General Electric Company,* 532 F.2d 359 (4th Cir. 1976)); *see also Dennis v. County of Fairfax,* 55 F.3d 151, 156–57 (4th Cir.1995) (dismissing the appellant's hiring, promotion, and training claims because they were not addressed in his EEOC complaint nor would have arisen from an investigation of such); *Leskinen v. Utz Quality Foods, Inc.,* 30 F.Supp.2d 530, 533 (D.Md.1998)(barring plaintiff's disability discrimination claims because they could not reasonably be included within the scope of an investigation into sexual harassment and discrimination charges).

In *Chisholm,* the plaintiff only alleged discrimination within the Postal Service's promotion system in his administrative charge. Yet the court held that his civil claims regarding discipline and testing should not be dismissed as outside of the scope of his charge, as they were aspects of the promotional system which would have been covered by a reasonable investigation. *Chisholm,* 665 F.2d at 491. Additionally, the court emphasized that the administrative charge served to put the employer on notice that the entire system was being challenged. *Id.* Similarly, in *Afande v. National Lutheran Home for the Aged,* 868 F.Supp. 795 (D.Md.1994), Judge Williams of this court permitted the plaintiff's claim regarding discriminatory working conditions to stand, despite the fact that her administrative charge mentioned only a discriminatory termination. *Id.* at 800. Judge Williams emphasized that the EEOC's records included an affidavit of the plaintiff, which contained allegations regarding the working conditions; the EEOC "used the affidavit to determine the scope of its investigation." *Id.* As such, the working condition claim was included in a reasonable investigation of the administrative charge.

Lane's situation is similar to that of the plaintiffs in *Chisholm* and *Afande.* As both parties to this case acknowledge, *see* Def.'s Mem. Supp. Summ. J. at 4–5; Pl. Opp'n at 9, the formal Charge of Discrimination only alleges discrimination "because [Lane] was regarded to be disabled." Def.'s Mem. Supp. Sum. J. Ex. 1. Yet this court will not "so narrowly construe [Lane's] EEOC charge so that her subsequent civil action is limited to the precise wording." *Afande,* 868 F.Supp. at 800 (citing *Hubbard v. Rubbermaid, Inc.,* 436 F.Supp. 1184, 1187 (D.Md.1977)). Rather, the scope of the civil action will include claims that would arise in the reasonable investigation of the disability charge. *See Hicks v. Baltimore Gas & Elec. Co.,* 829 F.Supp. 791, 794 (D.Md. 1992). In assessing the contours of a reasonable investigation, the Court will pay particular attention to the "relevant documentation that the EEOC made part of its record." *Afande,* 868 F.Supp. at 800; *see also Baradell v. Board of Soc. Serv.,* 970 F.Supp. 489, 493 (W.D.Va.1997) (denying defendant's motion to dismiss because a reasonable investigation into the claims in a letter submitted by the plaintiff to the EEOC would have included the allegations in the complaint within its scope).

Lane's actual disability claim is properly included in this action, as information contained in the EEOC's records contained numerous references to the actual disability claim. On the ADA Information Form, Lane stated that she believed she was discriminated against because of her disability. *See* Pl.'s Opp'n Ex. 2 at 2. Notes of a telephone call between Ms. Jackson, an EEOC officer, and Lane on November 4, 1997, reveal that Lane again stated she felt she was fired because of her learning disability. *See* Pl.'s Opp'n Ex. 7. Addi-

tional references to Lane's actual disability are contained in another EEOC official's notes, as well as on the Intake Record. *See* Pl.'s Opp'n Ex. 8, 9. Therefore, the actual disability claim is well within the scope of the EEOC's reasonable investigation.[1]

The EEOC's record also supports permitting Lane to include the denial of training claim in her complaint. The ADA Information Form contains several references to the training that Lane was denied, including her statement that, "I never got my full training." *See* Pl.'s Opp'n Ex. 2 at 3. Additionally, the notes taken by the EEOC officer indicate that Lane was "denied CBL training program." *See* Pl.'s Opp'n Ex. 8. It is therefore reasonable that an investigation into Lane's claims would include the denial of training issue.

Accordingly, Wal–Mart's motion to dismiss will be denied by separate Order.

---

1. Wal–Mart relies on an unpublished opinion by another judge of this District, affirmed in an unpublished opinion by the Fourth Circuit, refusing to consider a claim of actual disability where the claim before the EEOC had been for perceived disability. *See Steinacker v. National Aquarium in Baltimore,* Civil Action No. S–96–1911 (July 2, 1996), *aff'd mem.,* 114 F.3d 1177 (4th Cir.1997). There is insufficient factual information to determine whether the *Steinacker* case is distinguishable, as it may well be. In any event, unpublished opinions are not binding on this court.