Cynthia G. DYER and Robin Campbell, Plaintiffs,

v.

WIREGRASS HOSPICE, L.L.C., individually and d/b/a Lazarus Health Hospice and Geneva Health Services (USA), Inc., d/b/a Gentiva, Defendants.

Case No. 2:07–cv–0025.

United States District Court, M.D. Tennessee, Northeastern Division.

Jan. 24, 2008.

David Owen Day, Day & Birdwell, P.C., Cookeville, TN, for Plaintiffs.

Eric K. Smith, Joseph B. Harvey, Littler, Mendelson, P.C., Atlanta, GA, Frank J. Scanlon, Watkins, McGugin, McNeilly & Rowan, Nashville, TN, for Defendants.

### CORRECTED [1] MEMORANDUM AND ORDER

ALETA A. TRAUGER, District Judge.

Pending before the court is the Motion

---

1. This Corrected Memorandum and Order is being issued to correct two errors in the Memorandum and Order entered January 18, 2008 (Docket No. 31). (1) A typographical error was made in the heading of the Opinion, reflecting the wrong division of this court. (2) Original Footnote 2 has been omit-

for Leave to File a Second Amended Complaint filed by the plaintiffs (Docket No. 20), to which the defendants have responded (Docket No. 21), and the plaintiffs have replied (Docket No. 30). For the reasons discussed herein, the plaintiffs' Motion for Leave to File a Second Amended Complaint will be granted.

## BACKGROUND

In January 2007, the plaintiffs in this matter filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging that they were discriminated against on the basis of disability in violation of the Americans with Disabilities Act ("ADA"). (Docket No. 22 Exs. 3, 4.) On May 4, 2007, the plaintiffs filed a Complaint in the Chancery Court for Putnam County, Tennessee alleging that the defendants had discriminated against the plaintiffs on the basis of disability in contravention of the Tennessee Handicap Act and the Tennessee Human Rights Act. (Docket No. 1 Ex. A.) The defendants timely removed that action to this court. (Docket No. 1.) Subsequently, the plaintiffs received right-to-sue letters from the EEOC and, on August 6, 2007, filed an Amended Complaint asserting federal claims arising under the ADA in addition to the existing state law claims (the "Amended Complaint"). (Docket No. 14.) The parties subsequently engaged in discovery, and, on November 27, 2007, the plaintiffs sought leave to file a second amended complaint in keeping with the schedule established by the case management order in effect in this matter.[2] (Docket No. 20.)

## ANALYSIS

A plaintiff asserting a claim under the ADA must demonstrate, among other things, that she has a disability. 42 U.S.C. § 12112. The statute defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). In the Amended Complaint, the plaintiffs asserted ADA claims under the theory that they suffer actual impairments under the first prong. (Docket No. 14 ¶¶ 12, 20.) They now seek to amend their claims to allege in the alternative that they were "regarded as" having impairments under the third prong. (Docket No. 20 Ex. 1 ¶¶ 39–44, 50–53.) The defendants object to this proposed amendment on a number of grounds, each of which will be addressed *infra*. (Docket No. 21.) Alternatively, the defendants assert that, should the amendment be permitted, the plaintiffs' depositions should be reopened and the plaintiffs should bear the fees and costs associated with reopening the depositions. (Docket No. 21 at 18–19.)

## I. Standard

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim

ted, as it reflected an erroneous time computation.

**2.** Under the case management order, the deadline for filing motions to amend was December 1, 2007, the discovery deadline is March 15, 2008, the deadline for filing dispositive motions is June 1, 2008, and the trial date is October 21, 2008. (Docket No. 16.)

on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182, 83 S.Ct. 227 (internal citations omitted). Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment. *Id.; see also Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999). The Sixth Circuit has stated that "[t]he thrust of Rule 15 is ... that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 425 (6th Cir.1999) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)).

## II. Delay

The defendants' argument that the plaintiffs unduly delayed in seeking to amend the Amended Complaint is without merit. The plaintiffs' motion to amend is timely under the case management order governing this case. The plaintiffs filed their motion prior to the deadline for such motions and well in advance of the March 15, 2008 discovery deadline and the June 1, 2008 deadline for filing dispositive motions.[3] Indeed, the estimated trial date in this matter is not until October 2008. Thus, there is no reason to conclude that the motion to amend was unduly delayed.

## III. Futility

The defendants also assert that the plaintiffs' proposed amendment would be futile because the plaintiffs did not assert the "regarded as" theory in their EEOC charges and have, therefore, failed to exhaust their administrative remedies. (Docket No. 21 at 14–16.)

The key question presented by the defendants' exhaustion argument is whether the new allegations that the plaintiffs were "regarded as" disabled fall within the scope of the existing EEOC charge. This, in turn, depends on whether such allegations could have been "reasonably expected to grow out of [the] EEOC charge." *Smith v. Ky. State Univ.,* 97 Fed.Appx. 22, 26 (6th Cir.2004); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991). In their EEOC charges, the plaintiffs alleged discrimination on the basis of disability. (Docket No. 22 Exs. 3, 4.) Under the ADA, a disability discrimination claim may be established if the plaintiff demonstrates either an actual impairment or that she was regarded as having an impairment. 42 U.S.C. § 12102(2). As disability discrimination claims encompass both kinds of cases, it is reasonable to conclude that

---

**3.** By contrast, the plaintiffs in the cases from this circuit on which the defendants rely for support sought to amend their complaints far later in litigation. *See Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir.2001) (affirming district court denial of motion to amend where motion was made after dispositive motion deadline had passed and after defendant filed motion for summary judgment); *Ward v. Wal–Mart Stores, Inc.,* No. 3:05–0777, 2007 WL 712283, at *2 (M.D.Tenn. Mar. 6, 2007) (denying motion to amend where motion was made after both deadline for amendments and discovery deadline).

an EEOC charge alleging disability discrimination can be expected to encompass the various statutory means by which a plaintiff might establish such a claim, including the assertion that she was regarded as having an impairment.

A review of the relevant case law reveals that the vast majority of district courts that have addressed this or substantially similar issues have reached the same conclusion, holding that the scope of an EEOC charge alleging disability discrimination extends to "regarded as" claims in addition to actual disability claims.[4] *See, e.g., Pellack v. Thorek Hosp. & Med. Ctr.*, 9 F.Supp.2d 984, 989 (N.D.Ill.1998) (holding that "regarded as" claim is reasonably related to claim of discrimination on the basis of disability alleged in EEOC charge); *see also Anderson v. Foster Group*, 521 F.Supp.2d 758, 786 (N.D.Ill. 2007); *Larimer v. Int'l Bus. Machines, Corp.*, No. 02 C 3160, 2003 WL 21000382, at *15–*16, 2003 U.S. Dist. LEXIS 7396, at *33–*34 (N.D.Ill. May 1, 2003); *Schlegel v. Berks Area Reading Trans. Auth.*, No. 01–6055, 2003 WL 21652173, at *4, 2003 U.S. Dist. LEXIS 1260, at *17 (E.D.Pa. Jan. 9, 2003); *Sink v. Wal–Mart Stores, Inc.*, 147 F.Supp.2d 1085, 1091–92 (D.Kan.2001); *Ogborn v. United Food & Commercial Workers, Local No. 881 v. Powell*, No. 98 C 4623, 2000 WL 1409855, at *7–*8, 2000 U.S. Dist. LEXIS 14092, at *27–*28 (N.D.Ill. Sept. 25, 2000); *Smith v. Warren R. Gregory & Sons, Inc.*, No. IP 99–1490–C B/S, 2001 WL 1691640, at *6–*7, 2001 U.S. Dist. LEXIS 22057, at *17–*19 (S.D.Ind. Nov. 21, 2001); *O'Rourke v.*

*Roadway Express, Inc.*, No. 99 C 50059, 2000 WL 1209423, at *4 n. 7, 2000 U.S. Dist. LEXIS 12313, at *13 n. 7 (N.D.Ill. Aug. 21, 2000); *Lane v. Wal–Mart Stores East, Inc.*, 69 F.Supp.2d 749, 756 (D.Md. 1999); *Baker v. Chicago Park Dist.*, No. 98 C 4613, 1999 WL 519064, at *5–*6, 1999 U.S. Dist. LEXIS 11225, at *15–*16 (N.D.Ill. July 16, 1999); *but see Silva v. Chertoff*, 512 F.Supp.2d 792, 819–20 (W.D.Tex.2007) (holding that plaintiff did not exhaust "regarded as" claim where EEOC charge alleged discrimination on the basis of actual disability); *Mitchell v. Nat'l R.R. Passenger Corp.*, 407 F.Supp.2d 213, 238 n. 31 (D.D.C.2005); *McIntyre–Handy v. APAC Customer Servs., Inc.*, No. 4:04cv83, 2005 WL 5369158, at *6–*7, 2005 U.S. Dist. LEXIS 41752, at *18–*20 (E.D.Va. May 13, 2005).

Even more compelling is the fact that courts have permitted plaintiffs to raise "regarded as" claims that were not expressly included in their EEOC charges of disability discrimination well into litigation—in many cases, at the summary judgment stage, *see, e.g., Pellack*, 9 F.Supp.2d at 989; *Anderson*, 521 F.Supp.2d at 786; *O'Rourke*, 2000 WL 1209423, at *4 n. 7, 2000 U.S. Dist. LEXIS 12313, at *13 n. 7—whereas here, the plaintiffs have sought their amendment well in advance of summary judgment and in a timely fashion under the governing case management order.

As the plaintiffs' EEOC charges alleged discrimination based on disability, and as the amendment involves allegations of discrimination based on disability,[5] the plain-

---

4. The Sixth Circuit case on which the defendants rely is not on point, as it involved a plaintiff who asserted a discrimination claim based on membership in one protected class and later sought to amend his complaint to add claims based on membership in an entirely distinct class. *See Ang*, 932 F.2d at 546 (stating that charge of discrimination based on national origin does not necessarily en-

compass claims of discrimination based on race).

5. The defendants make a great deal of the fact that each plaintiff completed an EEOC "Intake Questionnaire" that asked the plaintiffs to "check all that apply" and listed three options—"Yes, I have an actual disability," "I have had an actual disability in the past," and

tiffs' "regarded as" allegations are within the scope of the EEOC charges, the exhaustion requirement is satisfied, and the proposed amendment is not futile.

■ The defendants also assert that the attempt to add the "regarded as" prong under the state statutes is futile because the statute of limitations has run. (Docket No. 21 at 16.) This argument likewise is unavailing. Rule 15(c) provides that an amendment "relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c); *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir.2000). As the plaintiffs' proposed amendment and the Amended Complaint involve the same essential claims of disability discrimination and indeed the same conduct—that is, the defendants' treatment of the plaintiffs on the basis of their actual or perceived impairment—the amendment relates back to the date of the Amended Complaint and the claims are timely.

## IV. Prejudice

■ Finally, the defendants assert that the plaintiffs' motion should be denied because the defendants claim they did not have notice of the plaintiffs' intention to assert a "regarded as" theory and thus would be unduly prejudiced if the plaintiffs were permitted to amend yet again. (Docket No. 21 at 8–14.) The plaintiffs deny that they are adding new claims, asserting instead that they are simply seeking to "more specifically plead their

allegations of disability." (Docket No. 20 Ex. 1 ¶ 6; Docket No. 30 at 3.)

For the same reasons that the EEOC charge encompasses a "regarded as" theory, as discussed above, the proposed amendment is not tantamount to adding an entirely new claim, as the defendants argue. The claim asserted by the plaintiffs in both the Amended Complaint and the proposed amendment is one of discrimination on the basis of disability; the fact that the plaintiffs are now seeking to expand their allegations of discrimination on the basis of disability is not the same as adding a completely new and unrelated claim, as was the case in a Sixth Circuit decision on which the defendants rely for support. *See Wade*, 259 F.3d at 459 (affirming district court's denial of motion to amend complaint to add ADA claim where original claim asserted only racial discrimination and retaliation claims). The proposed amendment merely reflects that the plaintiffs are now asserting an alternative means of establishing the elements of their existing ADA claim, and, as such, the Amended Complaint put the defendants on notice of the possibility of the plaintiffs' asserting a "regarded as" theory of disability discrimination. Moreover, the case management order governing the case certainly gave the defendants notice that an amendment might be sought as late as December 1, 2007.

The defendants point out that, if permitted, the proposed amendment will raise new issues that have not been the subject of discovery thus far. It is true that disability discrimination claims based on a

---

"No disability but the organization treats me as if I am disabled"—which correspond to the three prongs of the ADA definition. (Docket No. 22 Exs. 3, 4.) Both plaintiffs selected solely the first box and not the third box, and the defendants argue that this reflects that the plaintiffs "expressly disavowed such claims." (Docket No. 21 at 16.) Under the governing caselaw, this factor is not determinative of the scope of the EEOC charge. *See Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir.2004) (finding that plaintiff's failure to check a particular box on EEOC form is not dispositive of question of whether administrative remedies are exhausted).

"regarded as" theory raise issues distinct from those raised in claims based on an actual impairment theory, in that the focus in "regarded as" cases is on the employer' perception of whether the plaintiff suffers an impairment. *Dunaway v. Ford Motor Co.*, 134 Fed.Appx. 872, 877 (6th Cir.2005); *see also Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir.2001) (stating that the "regarded as" theory requires courts to look not at the plaintiff, but at "the state of the mind of the employer against whom [the plaintiff] makes a claim"). The defendants claim that, if the proposed amendment is permitted, the plaintiffs' depositions must be reopened to avoid prejudice to the defendants, as the defendants did not pursue questioning relevant to a "regarded as" theory during the plaintiffs' previous depositions, as the defendants were not on notice that the plaintiffs would make this argument. (Docket No. 21 at 17–18.)

In this district, the length of depositions is rarely an issue in litigation. That does not seem to be the case here, however, as the defendants used all of the time allotted to them by the federal rules during their initial depositions of the plaintiffs, and the plaintiffs resist reopening the depositions for an additional two and one-half hours each.[6] Given the distinct issues raised by the "regarded as" theory that the plaintiffs now seek to pursue, depositions of the plaintiffs will be reopened for two hours each to mitigate any prejudice to the defendants in permitting the amendment. The scope of those depositions will be strictly limited, however, to issues that are relevant to the "regarded as" theory, and may not cover any ground that is duplica-

tive or cumulative of the depositions that have already been taken.

With respect to fees and costs relating to the reopening of the depositions, the plaintiffs will be required to bear the court reporter's per diem charge only, as the plaintiffs' failure to raise the "regarded as" claim initially will necessitate this additional per diem charge. The plaintiffs will not, however, be required to pay the defendants' attorneys' fees, as the additional "regarded as" questioning should not consume two hours and, in any case, an amendment was contemplated by the case management order, if not also foreseeable by the parties.

### CONCLUSION

For the reasons discussed herein, the plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED**.

It is so Ordered.

---

**6.** The defendants acknowledge that, during negotiations with the plaintiffs regarding the plaintiffs' proposed amendment, the defendants indicated that they would require just two hours of additional deposition time for each defendant if the plaintiffs were to assert a "regarded as" claim. (Docket No. 21 at 2 n. 3.) The defendants have not provided any reason why they now claim to require even more additional time for depositions.